BENJAMIN B. WAGNER
United States Attorney
KYLE REARDON
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
(916) 554-2700
(916) 554-2900 FAX

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:13-CR-00003 GEB |
| Plaintiff, | |
| v. | **STIPULATION AND [PROPOSED] ORDER CONTINUING STATUS CONFERENCE FROM MAY 24, 2013, TO JUNE 21, 2013** |
| TYLER JORDAN, | |
| Defendant. | |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through his counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a status conference on May 24, 2013.

2. By this stipulation, the parties now move to continue the status conference until June 21, 2013, and to exclude time between May 24, 2013, and June 21, 2013, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a. The government has represented that the discovery associated with this case

includes several hundred pages of discovery. Included with this discovery is a significant amount of computer evidence. All of this discovery has been either produced directly to counsel and/or made available for inspection. Defense Counsel has coordinated with investigators and reviewed the evidence. Defense Counsel would like a second opportunity to review the evidence in light of the government's proposed plea agreement in this case. Such a review is necessary in order for Defense Counsel to properly advise his client.

      b. Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      c. The government does not object to the continuance.

      d. Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

      e. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., the time period of May 24, 2013 to June 21, 2013, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv), Local Code T4, because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///
///
///
///
///
///
///

4.   Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: May 23, 2013                              Respectfully Submitted,

                                                 BENJAMIN B. WAGNER
                                                 United States Attorney

                                        By:      */s/ Kyle Reardon*
                                                 KYLE REARDON
                                                 Assistant U.S. Attorney

Dated: May 23, 2013                              */s/ Kyle Reardon* for
                                                 ADAM WEINER
                                                 Attorney for the Defendant

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TYLER JORDAN,<br><br>Defendant. | CASE NO. 2:13-CR-00003 GEB<br><br>**ORDER CONTINUING STATUS CONFERENCE FROM MAY 24, 2013, UNTIL JUNE 21, 2013** |

The parties' stipulation is approved and so ordered. The time beginning May 24, 2013, until June 21, 2013, is excluded from the calculation of time under the Speedy Trial Act. For the reasons contained in the parties' stipulation, this exclusion is appropriate to ensure effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv); Local Code T4. The interests of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

**Date: 5/24/2013**

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge